**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000485
14-FEB-2017
07:53 AM**

NO. CAAP-16-0000485

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ASSOCIATION OF APARTMENT OWNERS OF PACIFIC HEIGHTS PARK PLACE,
a Hawai'i non-profit corporation, by its Board of Directors,
Plaintiff-Appellee,
v.
DONALD COURTNEY BROWN, Defendant-Appellant,
and
JOHN DOES 1-10, et al., Defendants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC16-1-3064)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Defendant-Appellant Donald Courtney Brown (Appellant Brown) has asserted from the Honorable Michael K. Tanigawa's three district court interlocutory orders:

(1) the June 15, 2016 interlocutory order denying Appellant Brown's June 14, 2016 motion for relief from the district court's May 31, 2016 announcement in district court minutes that the district court intended to deny Appellant Brown's motion to dismiss Plaintiff-Appellee Association of Apartment Owners of Pacific Heights Park Place's (Appellee AOAO Pacific Heights Park Place) complaint for lack of subject matter jurisdiction;

(2) the June 16, 2016 interlocutory order denying Appellant Brown's motion to dismiss Appellee AOAO Pacific Heights Park Place's complaint for lack of subject matter jurisdiction; and

(3)   the June 16, 2016 interlocutory order denying Applicant-in-Intervention/Appellee Pacific Heights Properties, LLC's (Pacific Heights Properties), motion to intervene as a defendant.

Appellant Brown is attempting to appeal from these three district court interlocutory orders pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (2016).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. . . . A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 869 P.2d 1334 (1994) is

> not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Casumpang, 91 Hawaiʻi at 427, 984 P.2d at 1253 (emphases added). At the time when Appellant Brown filed his June 23, 2016 notice of appeal in appellate court case number CAAP-16-0000485, the district court had neither announced its final decision in the underlying case nor entered an appealable final judgment or order on the merits regarding Appellee AOAO Pacific Heights Park Place's complaint in the underlying case. Under such circumstances, we lack appellate jurisdiction under HRS § 641-1(a) and the holding in Casumpang.

-2-

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), none of the three appealed interlocutory orders satisfies all of the requirements for appealability (including the requirement of appellate standing) for this court to assume appellate jurisdiction over appellate court case number CAAP-16-0000485 under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order); State v. Nilsawit, 139 Hawai'i 86, 91, 384 P.3d 862, 867 (2016) ("HRS § 641-1(b) does not allow interlocutory appeals of civil matters originating from the district court.").

We note that, although the June 16, 2016 interlocutory order denying Pacific Heights Properties' motion to intervene as a defendant may be a collateral order, See, e.g., Hoopai v. Civil Service Commission, 106 Hawai'i 205, 215, 103 P.3d 365, 375 (2004) (an order denying a non-party's motion to intervene under HRCP Rule 24 is immediately appealable under the collateral order doctrine), that order does not aggrieve Appellant Brown.

> Generally, the requirements of standing to appeal are: (1) the person must first have been a party to the action; (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and (3) such person must be aggrieved by the ruling, i.e., the person must be one who is affected or prejudiced by the appealable order.

Abaya v. Mantell, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (citation, internal quotation marks and original emphasis omitted; new emphasis added). With respect to the third requirement for standing to appeal, "[a]n aggrieved party has been defined by th[e supreme] court in a civil context as one who is affected or prejudiced by the appealable order." State v. Baxley, 102 Hawai'i 130, 134, 73 P.3d 668, 672 (2003) (citations and internal quotation marks omitted). When an appealed order in an underlying case does not aggrieve the appealing party, appearing as an active and named party in the underlying case is not, by itself, sufficient to compensate for the fact that the ruling does not directly aggrieve the appealing party. Instead, an aggrieved party is,

> one whose legal right is invaded by an act complained of, or whose pecuniary interest is directly affected by a decree or judgment. One whose right of property may be established or divested. The word "aggrieved" refers to a substantial grievance, a denial of some personal or property right, or the imposition upon a party of a burden or obligation.

State v. Baxley, 102 Hawai'i at 134, 73 P.3d at 672 (citations, brackets, and some quotation marks omitted). Consequently, Hawaii appellate courts have held that an appellant lacked standing to appeal when the appellant failed to show that the trial court's judgment aggrieved the appellant. See, e.g., State v. Baxley, 102 Hawai'i at 134, 73 P.3d at 672; Hana Ranch, Inc. v. Kumakahi, 6 Haw. App. 341, 348, 720 P.2d 1023, 1028 (1986). For example, where criminal defendants attempted to assert appeals from circuit court orders that approved payment of attorney's fees to their court appointed attorneys in amounts less than the attorneys had requested, Hawai'i appellate courts

held that, although the orders aggrieved the attorneys, the orders did not aggrieve the criminal defendants, and, thus, the criminal defendants lacked standing to appeal from such orders. State v. Ui, 66 Haw. 366, 370, 663 P.2d 630, 632-33 (1983); State v. Przeradzki, 6 Haw. App. 20, 21, 709 P.2d 105, 107 (1985) (Where a criminal defendant did not appeal from her judgment of conviction, but, instead, appealed from an order approving attorney's fees for her court-appointed attorney in an amount less than the attorney had requested, the intermediate court of appeals held that, "[n]ot being a party 'aggrieved' by that order as required by HRS § 641-11 (Supp. 1984), Przeradzki lacks standing to appeal it." ).

In the instant case, the June 16, 2016 interlocutory order denying Pacific Heights Properties' motion to intervene as a defendant does not appear to aggrieve Appellant Brown. As the defendant in the underlying case, Appellant Brown chose to file an answer to Appellee AOAO Pacific Heights Park Place's complaint without Appellant Brown having asserted a third-party complaint against Pacific Heights Properties, despite that Appellant Brown had the opportunity to do so. Under the rule set forth in Abaya v. Mantell regarding appellate standing, Appellant Brown lacks standing under these circumstances to assert an interlocutory appeal from the June 16, 2016 interlocutory order denying Pacific Heights Properties' motion to intervene as a defendant.

Appellant Brown may obtain appellate review of all the prior interlocutory orders by way of a timely appeal from an appealable final judgment or appealable final order based on the principle that "[a]n appeal from a final judgment brings up for

review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted).  At the time when Appellant Brown filed his June 23, 2016 notice of appeal in appellate court case number CAAP-16-0000485, the district court had neither announced its final decision in the underlying case nor entered an appealable final judgment or order on the merits of Appellee AOAO Pacific Heights Park Place's complaint in this case.  We lack appellate jurisdiction under HRS § 641-1(a) and the holding in Casumpang, and Appellant Brown's appeal in appellate court case number CAAP-16-0000485 is premature.

Therefore,  IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000485 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 14, 2017.

Presiding Judge

Associate Judge

Associate Judge